Judge Owslex
delivered the'Opinion of the Court.
Ringo brought an action against Feemster, and declared upon a writing,, dated the 24th of April, 1823, wherein Feemster covenanted to. pay Ringo, two months after date, one hundred and seventy-four dollars in Commonwealth’s bank notes.
Feemster having failed to appear and plead to. the action, a writ of enquiry was awarded against him; and upon the execution of that writ, one hundred and ninety-eight dollars damages were assessed by the jury, and final judgment was thereupon rendered in favor of Ringo.
To reverse "that judgment Feemster has. prosecuted this writ of error with supersedeas.
It is assigned for error, that the judgment is not for Commonwealth’s bank paper, but is for money.
The objection to the judgment is taken upon the supposition that the act of Assembly, which passed session, 1824, upon the subject of contracts fox’, bank paper, applies to the contract upon which this suit was brought by Ringo. We have, on other occasions, repeatedly decided, that before the passage of that act, the amount recoverable for a breach of contract to pay Commonwealth’s bank paper, could not exceed the specie value of the paper contracted tp be paid, at the time it was payable, and interest, and that the jury were bound" to assess damages, and the court to i-ender judgmexxt for money, and not bank paper. But this action was commenced by Ringo since the passage of that act, and without controverting the correctness of those decisions, it is contended on the part of Feemster, that according to the provisions of the act, the judgment’oughi regularly to have been entered for the paper of the bank, and not for money. We admit that, in actions founded upon contracts coming within the proviv; *337 {¿ions of the act, it would be irregular to render judgment for any thing else but the paper of the bank, in favor of a plaintiff, who, by upon his declaration as required by the act, has elected to proceed for bank paper, and not for its value in money. But we are not prepared to admit that the contract upon which the action of Ringo was brought, comes within the provisions of the act. The contract was not only made before the act passed, but by his failure to pay according to his undertaking, Feemster, before that time, had become liable to pay, and Ringo entitled to sue for and recover, the value of the paper in money.
Objections to j^™sfiective
This court-{¡r,c 0f the value of notes oa *bo bank monwea]th, at any por-r jm”¿ unc’
Were we, therefore, to admit the contract to come within the provisions of the act, we should convict the law makers of having, by retrospective legislation, and in violation of existing rights, converted the obligation which Feemster was under to pay money, into an obligation at all time to come to pay bank paper. A result so unjust, and so repugnant to the spirit and genius of our government, cannot be presumed to have been intended by the legislature. Without giving to the act a construction to produce such a result, it may have a practical and effective operation. It may 'justly control the contracts of parties made after its passage, and it is to that class of contracts its operation must be confined.
The contract being one which does not come within the influence 'of the act of 1834, therefore, it was correct in the court below, to render judgment for money and not bank paper. With respect to the amount for which judgment was rendered, we would remark, that no question is made by the assignment of errors. If, however, any question of the sort had been made, we should not, from any thing contained in the record, be able to afford relief to Feemster. In assessing damages the jury should have been governed by the value of the paper of the bank, when, by the contract, it became payable, and interest, and from the amount of damages assessed, it is possible the jury may not have been guided bv that rule. But we are not at liberty
Triplett, for plaintiff; Jas. Trimble, for defendant.
to lake judicial notice of the value of the paper of - the bank at any particular time, and could not therefore disturb the fin ding of the jury on the ground of their not having been governed by the value of the paper, if the question had been made by the assignment of errors, because the record contains nothing to show what the value of the paper was at the time ■the writing sued on became payable.
, The judgment must be affirmed, with cost and damages.